■ In the Matter of EDWARD QQ., Appellant, v HEATHER S. et al., Respondents. [727 NYS2d 772] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered June 5, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Petitioner and respondent Heather S. (hereinafter respon-

dent) are the parents of a son born in September 1994. The child was placed in foster care in December 1997 following an adjudication that he had been abused by respondent. Petitioner thereafter filed the present petition seeking custody of the child. Following a fact-finding hearing conducted on June 5, 1998, Family Court denied the petition upon the ground that it was in the best interest of the child to "allow the present foster care arrangement and efforts to reunite the child with a parent to continue without prejudice to either party." Petitioner appeals. Subsequently, Family Court terminated respondent's parental rights in March 2000 and terminated petitioner's parental rights in February 2001. An appeal from the order of disposition terminating petitioner's parental rights has been taken but has not yet been perfected.

Initially, we agree with petitioner that, because of the existence of a pending appeal, the order terminating petitioner's parental rights did not render the present appeal moot. On the merits, we conclude that, in the absence of any adjudication that petitioner had abused or neglected the child or evidence that he had agreed to the child's placement, Family Court improperly applied the "best interest of the child" standard in determining petitioner's application. Rather, the proceeding is governed by the fundamental premise that, absent a demonstration of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances, petitioner, as the child's parent, has a claim to the custody of the child superior to all others (*see, Matter of Alex LL. v Albany County Dept. of Social Servs.*, 270 AD2d 523; *see also, Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). Under the circumstances, we are constrained to reverse Family Court's order and remit the matter for a new hearing.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.